# IN THE UNITED STATES DISTRICT COURT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 05 C 1509 |
| | ) | Wayne R. Andersen |
| SVEN O. JOHNSON | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on the United States of America's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

Defendant, Sven O. Johnson, is an Illinois resident and the owner of Sven O. Johnson Associates, Inc. ("SJA, Inc."). The government contends that defendant failed to collect, truthfully account for, and pay over to the Internal Revenue Service ("IRS") federal income taxes and Federal Insurance Contribution Act ("FICA") contributions due from the employees of SJA, Inc. for the ten quarterly corporate tax periods ending on: September 30, 1988; December 31, 1988; March 31, 1990; June 30, 1990; September 30, 1990; December 31, 1990; March 31, 1991; June 30, 1991; September 30, 1991; and December 31, 1991. The government further contends, and defendant admits, that defendant was a person responsible for collecting, truthfully accounting for, and paying over these withheld taxes and FICA contributions. The government contends, and defendant does

not deny, that these allegedly withheld taxes and contributions amounted to a sum total of $21,619.68 on February 11, 1994, the date of the assessment.

On December 17, 1992, defendant stated in a Report of Interview that he was aware of the delinquent taxes and "filed returns however did not pay" because he was "unable to pay." On February 11, 1994, a delegate of the Secretary of the Treasury of the United States of America made an assessment against defendant in the amount of $21,619.68 pursuant to 26 U.S.C. §6672. The government contends that interest and other amounts have accrued according to law since that date.

On January 9, 2002, defendant requested a "Collection Due Process". That request was denied, and defendant appealed the decision of the Collection Due Process hearing officer. On September 30, 2004, defendant's appeal was denied. The government filed this lawsuit on March 15, 2005 to recover defendant's alleged debt.

On April 29, 2007, while this lawsuit was pending, defendant received certificates of release of federal tax liens, which stated that he "has satisfied the taxes…and all statutory additions." Cynthia Brown, a Technical Services Advisor employed by the IRS, has stated in a declaration that these certificates of release were issued in error and that the releases have either been revoked or are presently being revoked.

Defendant raises two defenses to this lawsuit. First, he contends that because the government inadvertently released the liens on his property, any amount he owes to the government has been erased. Second, the defendant contends that he is entitled to a set-off for engineering services work that his company, SJA, Inc., performed on a sewer and sewage treatment facility in Elwood, Illinois. Specifically, defendant contends that he is entitled to $29,775.38 in service

charges, which the Village of Elwood has allegedly failed to pay and that this alleged debt should offset any judgment against him for withheld taxes to the federal government.

Based on these facts, the United States has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## DISCUSSION

In assessing a Rule 56 motion for summary judgment, the court must determine whether there are genuine issues of disputed material facts and whether the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986). The court views all facts and inferences in the light most favorable to the non- moving party. *Id.*

Even viewed in this light, there remains no issue of material fact that could suggest that defendant is not indebted to the United States for the claimed amount of withheld taxes, which is $21,619.68 plus interest. The undisputed evidence shows that defendant, as President and sole owner of SJA, Inc., failed to pay federal income and FICA taxes to the government that he withheld from the employees of SJA, Inc. for the last two quarters of 1988, all four quarters of 1990, and all four quarters of 1991. Defendant admits, both in his Answer and in his deposition, that he was responsible for collecting, truthfully accounting for, and paying over SJA, Inc.'s trust fund taxes for the ten corporate tax periods at issue in this case.

Moreover, there is no dispute that defendant's failure to pay over the withheld federal taxes was willful. In the context of § 6672, a "willful" failure to pay over trust fund taxes is simply a voluntary, conscious, or intentional decision not to remit those taxes. *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir. 1970). The failure must be more than accidental, but even a reckless disregard of an obvious risk that the trust fund taxes may not be paid suffices. *Id.* at 1215-16.

Thus, proof of bad motive or an intent to defraud the United States is not required. *Id.* at 1216. Moreover, if a responsible party pays other creditors after he has learned that the trust fund taxes have not been remitted to the IRS, the "willful" requirement is met. *See Domanus v. United States,* 961 F.2d 1323, 1325-26 (7th Cir. 1992).

In this case, the willful requirement is met. Defendant knew that the trust fund taxes at issue had not been paid over to the government. The defendant, who is President and sole owner of SJA, Inc., maintained the books, prepared financial statements, authorized payment of bills and payroll, reviewed federal income tax returns, and prepared and signed federal payroll tax returns. Defendant has stated on several occasions that he filed tax returns for the quarters at issue without paying the taxes due. For example, during the IRS investigation of this case, the defendant completed in his own handwriting a Report of Interview in which he stated that he "filed returns however did not pay" and that he first learned of the delinquent trust fund taxes when he was "unable to pay." Defendant later reiterated this position in a letter to the IRS in which he stated, with respect to seven of the ten quarters at issue, that he was "unable to pay the taxes that were due because we did not have the funds at the time and we still do not have the funds."

There is also no dispute that defendant paid creditors other than the IRS after he knew that the trust fund taxes had not been paid over to the government. Defendant testified during his deposition that he regularly paid rent, utilities, payroll, and other expenses of SJA, Inc. during the periods at issue. This admission is corroborated by the profit and loss statements from SJA, Inc. which show that from the beginning of 1988 through the end of 1991, the defendant paid at least $ 1,250,000 to other creditors instead of the approximately $ 22,000 he owed the IRS. Therefore, for all of these reasons, we find that the defendant's failure to pay over the trust fund taxes at issue in

this case was "willful" within the meaning of § 6672.

Finally, we turn to defendant's affirmative defenses. Defendant first claims he is not indebted to the United States because on April 29, 2007, the government released the liens it held on his property. On that date, the government issued certificates of release of liens, which it claims were issued in error. We find that the government has established that those certificates were issued in error and normally the government would be entitled to revoke the certificate of release pursuant to § 6325(f)(2). However, that section also provides that "[i]f the Secretary determines that a certificate of release or nonattachment of a lien . . .was issued erroneously or improvidently . . .**and if the period of limitation on collection after assessment has not expired**, the Secretary may revoke such certificate and reinstate the lien . . ." 26 U.S.C. § 6325(f)(2) (emphasis added).

In this case, the assessment was made on February 11, 1994. According to § 6502(a)(1), the government has ten years from the date of assessment to file suit for collection. In this case, the statute of limitations would have run out on February 11, 2004. However, defendant asked for a Collection Due Process on January 9, 2002, which tolled the statute of limitations. See 26 U.S.C. § 6330(e)(1). When he received an adverse ruling, defendant then appealed the decision and ultimately lost the appeal on September 30, 2004. Therefore, the statute of limitations was tolled while defendant's appeal was pending for a total of 2 years, 8 months and 21 days (from January 9, 2002--September 30, 2004). Therefore, we add on this period to the normal ten-year limitations period and, thus, the statute of limitation ran out on or about November 1, 2006.

Since this lawsuit was filed on March 15, 2005, the lawsuit is timely because it was filed within the limitations period. However, the government is attempting to revoke the certificate of release of lien **after** the statute of limitations has run out. The government issued its certification of

5

release on April 29, 2007.  Because the statute of limitations ran out on or about November 1, 2006, the government is clearly attempting to revoke its certificate of release after the limitations period has expired, which is not permitted by § 6325(f)(2).  For these reasons, we hold that the government is not permitted to revoke the certificate of release of the liens.  However, that does not affect the defendant's liability for the amount due to the government because this lawsuit was filed before the statute of limitations ran out and the government had proven its entitlement to the sum due.  Therefore, the effect of our ruling is that defendant remains indebted to the United States for the claimed amount and a monetary judgment will be entered against defendant in the amount of $ 21,619.68 plus interest, but the government will have to collect that amount by means other than its liens on defendant's property.

Turning to defendant's final affirmative defense, he contends that he is entitled to an offsetting judgment against the Village of Elwood, Illinois for unpaid engineering services SJA, Inc. performed on an Elwood sewage treatment facility. However, the Village of Elwood is not a federal governmental unit, and this is a claim that is separate and unrelated to the present case.  Therefore, the defendant is not entitled to prevail on his affirmative defense and off set the amount due the federal government by any amount defendant claims he is due from the Village of Elwood.

## CONCLUSION

For all of the foregoing reasons, the United States' motion for summary judgment (#25) is granted.  A judgment in the amount of $ 21, 619.68 plus interest is entered against the defendant Sven Johnson.  All other pending motions including Defendant's motion for discovery (#37) are denied as moot.  This case is hereby terminated and this is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Date: September 30, 2008